## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.:

Catherine L. Lukasavage,

       Plaintiff,

v.

CSC Credit Services, Inc.;
Equifax Information Services, LLC;
Experian Information Solutions, Inc.;
Trans Union LLC; and
BAC Home Loans Servicing, L.P., a subsidiary
of Bank of America N.A.,

       Defendants.

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1.    This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.  Claims for damages under the Real Estate Settlement and Procedure Act, Minnesota Consumer Fraud Act and the Minnesota Deceptive Trade Practices Act are based on Defendant BAC Home Loans Servicing, L.P. violations under those acts.

## PARTIES

2.    Plaintiff Catherine L. Lukasavage is natural person who resides in the city of St. Louis Park, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3.     Defendant BAC Home Loans Servicing, L.P. does business in Minnesota, is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4.     Defendant Bank of America, N.A., is a mortgage lender with headquarters at 101 Tryon Street, Charlotte, North Carolina.  It is engaged, among other things, in the servicing of federally regulated residential loans in the state of Minnesota.

5.     Defendant CSC Credit Services, Inc., ("CSC") is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

6.     Defendant Equifax Information Services, LLC, ("Equifax"), is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

7.     Defendant Experian Information Solutions, Inc., ("Experian") is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

8.     Defendant Trans Union LLC, ("Trans Union") is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

9.     Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Real

Estate Settlement and Procedure Act 12 U.S.C. § 2605 et seq., jurisdiction of this

Court arises under 28 U.S.C. § 1331.

10.     Venue is proper in this Court because a substantial part of the claim arose in

Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28

U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### Failure to make appropriate corrections to mortgage account

11.     In March 1995, Plaintiff purchased a home located at 1417 Texas Avenue South,

St. Louis Park, Minnesota 55426.  The purchase price was $114,900.00.

12.     In January 2007, Plaintiff refinanced her home mortgage in the amount of

$281,000.00 with Bank of America, N.A.

13.     Bank of America, N.A. is the mortgage lender for the home.

14.     BAC Home Loans Servicing, L.P., a subsidiary of Bank of America, N.A., is the

mortgage servicer for the loan.

15.     The Plaintiff's loan is a federally-related loan that was sold or assigned to Federal

National Mortgage Association *aka* Fannie Mae.

16.     The terms of the mortgage contract dated January 12, 2007 ("Contract"), required

Plaintiff to establish an escrow account, prepay the first year's escrow amount, and

make monthly payments thereafter into the escrow account.

17.     In requiring Plaintiff to establish an escrow account and make payments into it,

BAC Home Loans Servicing obligated itself to perform certain duties of care and

3

assumed a fiduciary duty in administering the escrow account on behalf of Plaintiff.

18.     The Contract placed a duty on BAC Home Loans Servicing to properly and correctly service the Plaintiff's escrow account.

19.     Money placed in the escrow account was to be used by the loan services for the sole purpose of paying the Plaintiff's homeowner insurance premiums, private mortgage insurance premiums, and property taxes.

20.     On or about April 2009, Plaintiff applied for a modification of her mortgage under the Home Affordable Modification Program by submitting information and requested documents to BAC Home Loans Servicing.

21.     On or about September 2009, BAC Home Loans Servicing offered Plaintiff a Trial Period Plan *aka* Special Forebearance agreement requiring Plaintiff to make three monthly mortgage payments in the amount of $1472.50 in a timely fashion.

22.     Plaintiff made the payments required under the Trial Period Plan in the amounts required in a timely fashion.

23.     On January 23, 2010, BAC Home Loans Servicing, L.P. sent Plaintiff a Home Affordable Modification Agreement ("HAMA") requiring that Plaintiff sign and return the executed documents to BAC Home Loans Servicing, L.P. by February 2, 2010.  A true and correct copy of the HAMA is attached as Exhibit 1.

24.     In the HAMA, BAC Home Loans Servicing, L.P. agreed to lower Plaintiff's monthly mortgage payment to $1,293.54 beginning February 1, 2010 and then increase over forty years to a maximum monthly payment of $1,686.44.

25.     Plaintiff sent the executed HAMA to the listed address via United Parcel Service on February 2, 2010. A true and correct copy of the proof of delivery is attached as Exhibit 2.

26.     Plaintiff began making timely payments as required under the HAMA.  To date, Plaintiff has made all monthly payments of $1,293.54 as required under HAMA since February 1, 2010. A true and correct copy of the summary of the mortgage payment report is attached as Exhibit 3.

27.     Despite Plaintiff's timely payments, BAC Home Loans Servicing has refused to recognize the properly executed HAMA and update Plaintiff's account as current.

28.     Between February 2010 and November 2010, Plaintiff had numerous conversations with BAC Home Loans Servicing employees regarding the HAMA

29.     Between February 2010 and November 2010, Plaintiff and sent numerous faxes and mailings to the BAC Home Loans Servicing offices to prove the terms of the executed HAMA.

30.     Despite providing BAC Home Loans Servicing employees with the fully executed HAMA, having and effective modification date of February 1, 2010 and having BAC Home Loans Servicing accept the modified payments for nearly a year, Plaintiff endured dozens of hours of phone calls with BAC Home Loans Servicing

employees informing her that she would have to either resubmit the paperwork or complete the process from the beginning of the trial period.

31.  During this time, Plaintiff developed abdominal pain related to stress requiring her to take time off from work, attend emergency medical appointments and to purchase and take medications.

32.  On or about November 2010, BAC Home Loans Servicing sent Plaintiff a letter dated November 2, 2010 informing Plaintiff that her modification request had been denied for failure to provide the requested documents. A true and correct copy of the letter dated November 2, 2010 is attached as Exhibit 4.

33.  Several days later, Plaintiff received letter from BAC Home Loans Servicing dated November 8, 2010 titled "Notice of Intent to Accelerate."  The letter stated: "[t]he loan is in serious default because the required payments have not been made." The letter specified a total due of $31,592.59 in order to cure default.  The letter further threatened that if the default was not cured by December 8, 2010, that the mortgage payments would be accelerated with the full amount being due and payable, and foreclosure proceedings would be initiated at that time. A true and correct copy of the letter dated November 8, 2010 is attached as Exhibit 5.

34.  On or about this same time, Plaintiff received letter from BAC Home Loans Servicing dated November 19, 2010 which stated: "[w]e are pleased to tell you that we have received the last installment due under our Special Forebearance agreement, dated Sept 28, 2009, and it has been credited to your account

referenced above . . . Thank you for fulfilling this commitment.  You are now up to date and current on your home loan payments.  You can resume making your normal monthly payments." A true and correct copy of the letter dated November 19, 2010 is attached as Exhibit 6.

35.   Plaintiff sent BAC Home Loans Servicing L.P. a qualified written letter of request pursuant to the Real Estate Settlement and Procedure Act ("RESPA") on December 2, 2010 demanding that BAC Home Loans Servicing recognize the executed HAMA, withdraw any procedures to accelerate the loan, properly credit Plaintiff's escrow account and provide and accounting of the mortgage payments to the loan services since the origination of the mortgage. A true and correct copy of the Qualified Written Request is attached as Exhibit 7.

36.   BAC Home Loans Servicing received Plaintiff's qualified written request on December 6, 2010. A true and correct copy of the signed certified mail return receipt, dated December 6, 2010 is attached as Exhibit 8.

37.   On or about December 17, 2010, Plaintiff received a letter from Peterson, Fram & Bergman, P.A. on behalf of BAC Home Loans Servicing that there would be a mortgage foreclosure on her home. A true and correct copy of the letter dated December 17, 2010 is attached as Exhibit 9.

38.   BAC Home Loans Servicing provided written acknowledgment of receipt of the qualified written request on January 21, 2011: more than 21 business days after

receipt of the qualified written request. A true and correct copy of the letter dated January 21, 2011 is attached as Exhibit 10.

39. Blank & Rome, L.L.P. responded to the qualified written request on behalf of BAC Home Loans Servicing on March 24, 2011: more than 61 business days after receipt of the qualified written request. The letter stated that the loan had been modified, but that the February 2011 and March 2011 payments were due. A true and correct copy of the letter dated March 24, 2011 is attached as Exhibit 11.

40. Between December 6, 2010 and March 24, 2010, BAC Home Loans Servicing reported overdue payments on Plaintiff's account relating to the qualified written request to credit reporting agencies. A true and correct copy of a portion of Plaintiff's credit report dated July 22, 2011 is attached as Exhibit 12.

## Unfair Credit Reporting

41. The loan debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

42. BAC Home Loans Servicing's reporting of the debt to one or more credit bureaus was an attempt to collect the debt.

43. In a letter dated July 22, 2011, Plaintiff disputed the delinquency of her Bank of America mortgage payments to CSC and Equifax. A true and correct copy of the letter dated July 22, 2011 is attached as Exhibit 13.

44. Defendants CSC and Equifax share the same database.

45.   CSC and Equifax are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared database.

46.   In her letters to CSC and Equifax, Plaintiff explained, "The 2011 payment history under BAC HOME LOANS SERVI 14875XXXX is inaccurate because Ms. Lukasavage has a modified loan with BAC Home Loans Servicing as of February 2010 and has made every required monthly payment under the modification agreement in timely fashion.  We are requesting that the 30-days late designation be completely removed from Jan. 2011 and the 60-days late designation be completely removed Mar. 2011, Apr. 2011, and May 2011 to correct the information."

47.   With her letters to CSC and Equifax, Plaintiff enclosed copies of Ms. Lukasavage's bank statements evidencing her payments for the January 2011 through July 2011 Bank of America mortgage 14875XXXX, as well as, a copy of her credit report with the disputed information circled.

48.   CSC and/or Equifax notified BAC Home Loans Servicing of Plaintiff's dispute.

49.   In the alternative, neither CSC nor Equifax notified BAC Home Loans Servicing of Plaintiff's dispute.

50.   Neither CSC nor Equiax provided BAC Home Loans Servicing with the documentation Plaintiff had provided to CSC and Equifax.

51.   Plaintiff received investigation results from CSC dated September 30, 2011.

52.     CSC's September 30, 2011 investigation results indicated that CSC had completed deleted the Bank of America Account No. 14875XXXX.

53.     The complete deletion of the Bank of America Account No. 14875XXXX was inaccurate.

54.     There was no indication in Plaintiff's updated CSC credit report that the Bank of America Account No. 14875XXXX account was disputed.

55.     In a letter dated July 22, 2011, Plaintiff disputed the delinquency of her Bank of America mortgage payments to Experian. A true and correct copy of the letter dated July 22, 2011 is attached as Exhibit 14.

56.     In her letter to Experian, Plaintiff explained, "The 2011 account history under Bank of America NA, Account Number 14875…. is inaccurate because Ms. Lukasavage has a modified loan with BAC Home Loans Servicing as of February 2010 and has made every required monthly payment under the modification agreement in timely fashion.  We are requesting that the 30-days late designation be completely removed from Jan. 2011 and the 60-days late designation be completely removed Mar. 2011 to June 2011 to correct the information."

57.     With her letter to Experian, Plaintiff enclosed copies of Ms. Lukasavage's bank statements evidencing her payments for the January 2011 through July 2011 Bank of America mortgage 14875XXXX, as well as, a copy of her credit report with the disputed information circled.

58.     In a letter dated September 22, 2011, Experian indicated to Plaintiff that it was investigating the dispute.

59.     Experian notified BAC Home Loans Servicing of Plaintiff's dispute.

60.     In the alternative, Experian failed to notify BAC Home Loans Servicing of Plaintiff's dispute.

61.     Experian did not provide BAC Home Loans Servicing with the documentation Plaintiff had provided to Experian.

62.     Plaintiff has not received investigation results from Experian.

63.     There is no indication in Plaintiff's Experian credit report that the Bank of America mortgage 14875XXXX account was disputed.

64.     In a letter dated July 22, 2011, Plaintiff disputed the delinquency of her Bank of America mortgage payments to Trans Union. A true and correct copy of the letter dated July 22, 2011 is attached as Exhibit 15.

65.     In her letter to Trans Union, Plaintiff explained, "The 2011 account history under BAC HOME LOANS SERV LP #14875**** is inaccurate because Ms. Lukasavage has a modified loan with BAC Home Loans Servicing as of February 2010 and has made every required monthly payment under the modification agreement in timely fashion.  We are requesting that the 30-days late designation be completely removed from Jan. 2011 and the 60-days late designation be completely removed Mar. 2011, Apr. 2011, and May 2011 to correct the information."

66.     With her letter to Trans Union, Plaintiff enclosed copies of Ms. Lukasavage's bank statements evidencing her payments for the January 2011 through July 2011 Bank of America mortgage 14875XXXX, as well as, a copy of her credit report with the disputed information circled.

67.     In a letter dated August 15, 2011, Trans Union indicated to Plaintiff that it refused to accept her documentation.

68.     Trans Union notified BAC Home Loans Servicing of Plaintiff's dispute.

69.     In the alternative, Trans Union failed to notify BAC Home Loans Servicing of Plaintiff's dispute.

70.     Trans Union did not provide BAC Home Loans Servicing with the documentation Plaintiff had provided to Trans Union.

71.     Plaintiff received investigation results from Trans Union dated August 15, 2011.

72.     Trans Union's August 15, 2011 investigation results indicated that BAC Home Loans Servicing account payment information had been "verified."

73.     The indication that Plaintiff's payments to BAC Home Loans Servicing were late in January, March, April, and May 2011 was inaccurate.

74.     There was no indication in Plaintiff's updated Trans Union credit report that the BAC Home Loans Servicing account was disputed.

75.     Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's credit reports that Plaintiff's

payments to BAC Home Loans Servicing were late in January, March, April, and May 2011 was not appropriately deleted.

76.     On or about September 2010, Centerpoint Energy and Standard Heating denied Plaintiff's applications for credit due at least in substantial part to the inaccurate Bank of America mortgage 14875XXXX account on Plaintiff's credit reports.

77.     As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.

## TRIAL BY JURY

78.     Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### CSC, EQUIFAX, EXPERIAN, AND TRANS UNION

79.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

80.     Defendants CSC, Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

81.    Defendants CSC, Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

82.    As a result of CSC's, Equifax's, Experian's, and Trans Union's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.   Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

83.    CSC's, Equifax's, Experian's, and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

84.    Plaintiff is entitled to recover costs and attorney's fees from Defendants CSC, Equifax, Experian, and Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.


### COUNT II:
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681s-2(b)
### BAC HOME LOANS SERVICING, L.P.

85.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

86.    Defendant BAC Home Loans Servicing willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving

notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

87.     As a result of BAC Home Loans Servicing's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

88.     BAC Home Loans Servicing's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

89.     Plaintiff is entitled to recover costs and attorney's fees from Defendant BAC Home Loans Servicing pursuant to 15 U.S.C. §§ 1681n and 1681o.


**COUNT III:**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)**
**BAC HOME LOANS SERVICING, L.P.**

90.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

91.     Defendant BAC Home Loans Servicing's foregoing actions and omissions in connection with its attempts to collect the alleged debt violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

92.   As a result of BAC Home Loans Servicing's violations of the FDCPA, Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

93.   Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant BAC Home Loans Servicing's $1,000 in statutory damages and reasonable attorney's fees and costs.

**COUNT IV:**
**CREDIT DEFAMATION**
**ALL DEFENDANTS**

94.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

95.   Defendants' foregoing actions and omissions, including but not limited to reporting errors on Plaintiff's credit reports, constitute credit defamation.

96.   Defendants' foregoing actions and omissions were intentional and malicious.

97.   As a result of Defendants' intentional and malicious credit defamation, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.

**COUNT V:**
**NEGLIGENCE**
**ALL DEFENDANTS**

98.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

99.     Defendants' foregoing actions and omissions constitute a breach of Defendants' duty to Plaintiff.

100.    Defendants' foregoing actions were intentional and malicious.

101.    As a result of Defendants' intentional and malicious negligence, Plaintiff has suffered actual damages including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.

**COUNT VI:**
**CLAIM UNDER RESPA**
**BAC HOME LOANS SERVICING, L.P.**

102.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

103.    Under RESPA Section 6, 12 U.S.C. § 2605, BAC Home Loans Servicing was subject to certain statutory duties in connection with it servicing of the mortgage.

104.    At all times relevant BAC Home Loans Servicing violated 12 U.S.C. § 2605(e) establishing certain duties for servicers of federally related mortgage loans when they receive qualified written requests from a borrower.

105.    Plaintiff made a qualified written request under 12 U.S.C. § 2605(e), yet BAC Home Loans Servicing failed to provide timely or adequate written responses as required by 12 U.S.C. § 2605(e).

106.    BAC Home Loans Servicing violated 12 U.S.C. § 2605(e) by providing information regarding overdue payments, owed by Plaintiff and relating to

December 6, 2010 through March 24, 2011, to any consumer reporting agency (as such term is defined under section 1681a of title 15).

107. BAC Home Loans Servicing violated 12 U.S.C. § 2605(g) requiring that BAC Home Loans Servicing properly manage the escrow account.

108. RESPA allows an affected consumer to recover damages for violations under 12 U.S.C. § 2605(g) and 12 U.S.C. § 2605(f).

109. As a result of BAC Home Loans Servicing's violations of RESPA, Plaintiff is entitled to damages allowed by statute for her actual damages including her mental suffering, constant worry and aggravation, time and inconvenience, plus all cost associated to bring this action.

## COUNT VII:
## CONSUMER FRAUD
## BAC HOME LOANS SERVICING, L.P.

110. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

111. At all relevant times, Minnesota has had statutes prohibiting unfair, false, misleading and deceptive trade practices ("UDAP statutes" Minn. Stat. § 325D.43 *et seq.,* and Minn. Stat. § 325F.69 *et seq.*  Minn. Stat. § 8.31 allows consumers like Plaintiff to bring claims for violation of Minn. Stat. § 325D.43 *et seq.* and Minn. Stat. § 325.69 *et seq.).*

112.    The Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43-48, protects consumers from deceptive, fraudulent and misleading practices, as described within.  This statute sets forth a duty not to deceive the consumer.

113.    The Minnesota Consumer Fraud Act, Minn. Stat. § 325F.68 *et seq.* serves as further protection against unfair and deceptive trade practices.

114.    BAC Home Loans Servicing violated the Minnesota Consumer Fraud Act and the Minnesota Deceptive Trade Practices Act by, among other things, repeatedly engaging in conduct to confuse Plaintiff as to the status of her loan modification which was intended by BAC Home Loans Servicing to make Plaintiff believe she owed a higher amount for her monthly mortgage payments than was agreed under the executed HAMA.

115.    BAC Home Loans Servicing violated the Minnesota Consumer Fraud Act and the Minnesota Deceptive Trade Practices Act due to, among other things, BAC Home Loans Servicing 's acts, statements, and/or omissions and representations that BAC Home Loans Servicing would foreclose on Ms. Lukasavage's home if she did not pay amounts greater than were agreed upon under the executed HAMA.

116.    BAC Home Loans Servicing violated the Minnesota Consumer Fraud Act and the Minnesota Deceptive Trade Practices Act because BAC Home Loans Servicing's statements, among other things, were misleading, deceptive and done with the intent that Ms. Lukasavage would rely on those acts, statements, and or omissions

to her detriment, failing to adhere to the standards of conduct prescribed by the applicable Minnesota Statutes.

117. BAC Home Loans Servicing 's acts, statements or omissions, among other things, caused the likelihood of confusion or misunderstanding in Ms. Lukasavage.

118. The unfair and deceptive practices were committed by BAC Home Loans Servicing while in the conduct of trade and commerce in services, real estate, goods and merchandise and/or loans.  BAC Home Loans Servicing's actions were willful and intentional violations of the rights of Ms. Lukasavage, and were willful attempts to take advantage of Ms. Lukasavage and committed solely in order to enhance BAC Home Loans Servicing's assets.  Ms. Lukasavage justifiably relied on BAC Home Loans Servicing 's obligation not to engage in such unfair and deceptive practices to her detriment.  BAC Home Loans Servicing 's conduct described above had the tendency to deceive Ms. Lukasavage and BAC Home Loans Servicing's actions caused injury and loss to Ms. Lukasavage.

119. Any profits, sums, fees, interest, things of value, and/or other benefits which BAC Home Loans Servicing obtained from the foregoing conduct should be disgorged as it would be unjust and unfair for BAC Home Loans Servicing to retain them.

120. By reason of the foregoing Ms. Lukasavage has been injured and is entitled to recover, and she seeks to collect, from BAC Home Loans Servicing actual damages, restitution, the disgorgement of any all prohibited, improper and excessive fees collected, as well as and all other amounts, damages to penalties

allowed to be recovered by law, reasonable attorneys fees and costs, and any other general or specific relief to which Ms. Lukasavage may be entitled.

121.    In addition to damages suffered and other relief sought, Plaintiff seeks injunctive relief, prohibiting the BAC Home Loans Servicing from continuing to conduct this unlawful and illegal strategy to deceive others into investing funds which do not comport with the advertisements, and stated characteristics of the Home Affordable Modification Program or Bank of America's internal modification program.  The court should declare BAC Home Loans Servicing 's practices unlawful, order the BAC Home Loans Servicing to rescind the transactions in their entirety and/or immediately disgorge and refund to Plaintiff unlawful and fraudulent monies it obtained by his fraudulent transactions with Plaintiff, along with all other relief and award to which Plaintiff may be entitled, or as determined to be just and appropriate by this court.

122.    BAC Home Loans Servicing acted, used, or employed fraud, false pretenses, false promises, misrepresentations, misleading statements or deceptive trade practices with the intent that others rely thereon in connection with the services under the modification program in violation of Minn. Stat. § 325F.68, as more particularly stated above.

123.    On information and belief, BAC Home Loans Servicing participated in similar illegal and unlawful transactions with other consumers which victimized other consumers.

124.   As a result of their reliance, Plaintiff seeks an order of this court awarding damages in an amount in excess of $60,000.00 the exact amount of which is to be determined at trial, costs and disbursements, including costs of investigation and reasonable attorneys fees, and receive other equitable relief as determined by the court under Minn. Stat. §8.31, subd. 3a.

**COUNT VIII:**
**BREACH OF CONTRACT**
**BAC HOME LOANS SERVICING, L.P.**

125.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

126.   BAC Home Loans Servicing incurred a contractual duty pursuant to certain documents including, without limitation, the HAMA obligating BAC Home Loans Servicing to properly administer the mortgage and escrow funds.

127.   BAC Home Loans Servicing breached an implied-in-law promise not to do anything to undermine or destroy Ms. Lukasavage's right to receive the benefit of the parties' mortgage and escrow agreement under the HAMA.

128.   BAC Home Loans Servicing's practice as alleged herein violated those terms of the HAMA and additionally violated its duty of good faith with regard to the performance of its contract with Ms. Lukasavage.

129.   BAC Home Loans Servicing breached its contract with Ms. Lukasavage and is therefore liable to her for damages arising from its breach.

## **WHEREFORE,**

Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.) Statutory damages against BAC Home Loans Servicing pursuant to 15 U.S.C. § 1692k;

e.) Statutory damages against BAC Home Loans Servicing pursuant to 12 U.S.C § 2605(f)(1)(B)

f.) Reasonable attorney's fees and costs against BAC Home Loans Servicing pursuant to 12 U.S.C. § 2605(f)(3);

g.) Reasonable attorney's fees and costs against BAC Home Loans Servicing pursuant to 15 U.S.C. § 1692k; and

h.) Such other and further relief as may be just and proper.

Dated:  December 6, 2011      **MANSFIELD, TANICK & COHEN, P.A.**

By:     *s/ Michael J. Sheridan*
Daniel S. Schleck, #0260575
Michael J. Sheridan, #0388936
1700 U.S. Bank Plaza
220 South Sixth Street
Minneapolis, MN 55404
Telephone:  (612) 339-4295
msheridan@mansfieldtanick.com

**ATTORNEYS FOR PLAINTIFF**

23

## VERIFICATION OF COMPLAINT
## AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA          )
                                   ) ss
COUNTY OF HENNEPIN        )

I, Catherine L. Lukasavage, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I am bringing this civil Complaint in good faith and solely for the purposes set forth in it.

Catherine L. Lukasavage

Subscribed and sworn to before me

this 29 day of Nov, 20 11.

Notary Public

ANDREA J. LUCK
Notary Public
State of Minnesota
My Commission Expires January 31, 2013

24